UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THALDARIS TALLEY, )
   1548 Dexter Run East )
   Cordova, TN 38016, )
)
          Plaintiff, )
)
          v. ) Civil Action No. _____
)
JEH CHARLES JOHNSON, )
   Secretary of Homeland Security, )
   U.S. Department of Homeland Security )
   Washington, DC 20528, )
)
          Defendant. )
)

**COMPLAINT**
(Employment Discrimination)

**Introduction**

1. Plaintiff, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.,* and 42 U.S.C. § 1981a, to remedy acts of employment discrimination perpetrated against him by his current employer, the United States Department of Homeland Security ("DHS"). Plaintiff contends that management at DHS, more particularly management at the Immigration and Customs Enforcement ("ICE"), a subunit of DHS, discriminated against him because of his race (African-American) and in retaliation for his prior protected civil rights activity. As a consequence of management's discriminatory and/or retaliatory actions, Mr. Talley has suffered and continues to suffer a loss of pay and retirement benefits, damage to his career, personal and professional humiliation, and emotional harm.

### Jurisdiction

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c), the Final Agency Decision of DHS on plaintiff's administrative EEO complaint on (Complaint No. HS-ICE-01084-2010) is dated June 20, 2014, which is within 90 days of the filing of the instant civil action.

### Venue

3. Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3), as plaintiff was employed by the DHS within the District of Columbia at the time of the actions complained of, records pertaining to plaintiff's employment are maintained by the DHS in this judicial district, and the actions adverse to plaintiff's employment that are the subject of this civil action were taken in this judicial district.

### Parties

4. Plaintiff Thaldaris Talley is an African American man who, until he retired from the federal civil service effective August 1, 2012, was employed as a Detention Deportation Officer, GS-1801-14, with the Bond Management Unit Management in DHS's ICE at its headquarters within the District of Columbia.

5. Defendant Jeh Charles Johnson is currently the Secretary of Homeland Security and, as such, heads the Department of Homeland Security, a department within the Executive Branch of the government of the United States that has employed more than 500 persons in each of the last 20 weeks. Mr. Johnson is being sued here in his official capacity only.

## Statement of Facts

6. Plaintiff Thaldaris Talley was a well trained and well regarded Detention Deportation Officer with ICE, having served as a field-grade officer – rising to the rank of Lt. Colonel – on both active duty (for 11+ years) and as a reserve officer in the U.S. Air force, where his military occupational specialty was "Security Forces" (*i.e.*, the Air Force equivalent for the Army's Military Police occupational specialty), in which he commanded as many as 500 enlisted personnel and junior officers at a time.

7. Since February 2006, Mr. Talley has served as a Detention Deportation Officer, GS-1801-14, Enforcement and Removal Operations, Bond Management Unit of DHS's ICE.

8. Mr. Talley timely filed two discrimination complaints – in August 2007 and January 2009 – regarding the race and sex discrimination against his co-worker Danita Walker (an African American female) that he had witnesses, and he submitted memoranda to ICE / DHS management urging intervention against the discriminatory treatment of Ms. Walker.

9. Mr. Talley timely applied for the GS-15 level DQI Unit Chief position and, on April 9, 2010, he learned that he had been referred to the selecting official. Furthermore, the email message he received indicated that Human Resources ("HR") had found him highly qualified for this vacant position.

10. Despite notification that HR had found him highly qualified and had referred his name to the selecting official, on May 6, 2010, Mr. Talley received a computer-generated notice stating that he *did not meet* the minimum qualifications of the DQI Unit Chief position. He also received a computer-generated notice that his non-selection for the vacancy had resulted from the referral from HR.

11. Because of Mr. Talley's race and his prior protected EEO activity, two white employees – neither of whom had engaged in protected activity – were selected instead of him. Isela Reynoso, non-African American female, was selected as the Chief of the Communications Unit, and Rosalio Estrada, non-African American male, was selected as the Chief of the DQI Unit.

12. Mr. Talley also applied for the position of Unit Chief for the Firearms and Tactics ("FT") Unit and was interviewed in November 2010. On January 28, 2011, Mr. Talley learned that he was not selected for the FT Unit Chief position based on his race and prior EEO protected activity.

13. In none of the selection mentioned above in which Mr. Talley was passed over in favor of a less qualified applicant did ICE / DHS management employ the Application Manager Questionnaire Answers although they were mandated for use in all ICE / DHS selection processes by agreement with the U.S. Office of Personnel Management in order to provide applicants with the ability to specify their unique qualifications for the vacancy applied for, and Mr. Talley submitted his Application Manager Questionnaire Answers for each of these positions. This failure on the part of ICE / DHS management was undertaken in order to deny Mr. Talley these positions. On the basis of his race and in retaliation for his prior civil rights (EEO) activities.

## Statement of Claims

**Claim I – Race Discrimination**

14. As alleged herein above, defendant, through subordinate DHS management, and more particularly ICE management, has discriminated against plaintiff on the basis of his race in employment practices in violation of Tittle VII of the Civil Rights Act, as amended.

15. As a consequence of said unlawful racial discrimination in employment practices, plaintiff has suffered and continues to suffer career damage, loss of wages and other benefits, personal and professional humiliation, and emotional pain and suffering.

**Claim II – Retaliation for Prior protected EEO Activity**

16. As alleged herein above, defendant, through subordinate DHS management, and more particularly ICE management, has retaliated against plaintiff on the basis of his prior protected EEO (civil rights) activity in violation of Tittle VII of the Civil Rights Act, as amended.

17. As a consequence of such unlawful retaliation, plaintiff has suffered and continues to suffer career damage, loss of wages and other benefits, personal and professional humiliation, and emotional pain and suffering.

<u>**Prayer for Relief**</u>

18. Plaintiff requests that the Court enter judgment in his favor and against defendant, declaring that he was the victim of intentional discrimination and/or retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, and ordering the following relief:

   a. defendant is to pay to plaintiff the sum of $300,000.00 in compensatory damages, plus interest thereon;

   b. defendant is to promote plaintiff to the GS-15 level retroactive to May 2010;

   c. defendant is to provide plaintiff with full back pay (with interest thereon) and all other benefits consistent with the retroactive promotion noted above and assuming outstanding performance ratings since that time;

   d. defendant is to reinstate plaintiff to an active GS-15 management position within his career filed at ICE's headquarters within the District of Columbia, or in such other location as the

plaintiff shall agree to, at an within-grade step and at a level of responsibility with the organization as he would have attained by the time of reinstatement assuming his having held active GS-15 supervisory positions since May 2010 with performance ratings of "outstanding" through the period.

e. defendant is to refrain from any future acts of discrimination and/or retaliation against plaintiff;

f. defendant is to pay plaintiff the costs of bringing and maintaining this civil action and of the administrative complaints that preceded it, including reasonable attorneys' fees, with interest thereon, pursuant to 42 U.S.C. 2000e-5(k); and

g. defendant is to provide plaintiff with such other and further relief as the interests of justice may require.

### Jury Demand

19. Plaintiff hereby demands a trial by jury on all issues of fact, including the measure of damages.

Respectfully submitted,

David H. Shapiro
D.C. Bar No. 961326
SWICK & SHAPIRO, P.C.
1105 Fifteenth Street, N.W.
Suite 205
Washington, DC 20005
Tel. 202-842-0300
Fax 202-842-1418
Emails - dhshapiro@swickandshapiro.com

Attorney for Plaintiff